Kay Coles JAMES, Director, Office of Personnel Management, Petitioner,

v.

Ann S. AZDELL and Donald B. Fishman, Respondents,

and

Merit Systems Protection Board, Respondent.

Misc. No. 684.

United States Court of Appeals, Federal Circuit.

Nov. 2, 2001.

Before MICHEL, RADER, and GAJARSA, Circuit Judges.

## ON PETITION FOR REVIEW

RADER, Circuit Judge.

The Director of the Office of Personnel Management petitions for review of a final decision by the Merit Systems Protection Board. Ann S. Azdell and Donald B. Fishman (Azdell) respond. The Director replies.

On October 20, 2000, the Merit Systems Protection Board determined that OPM's implementation of a new scoring formula in 1996 for administrative law judge (ALJ) examinations did not meet the basic requirements set forth at 5 C.F.R. § 300.103(a) and (b) and violated the Veterans' Preference Act. The Board ordered OPM to rescind and cancel all scores assigned under the 1996 scoring formula, to reconstruct the ALJ register and all certificates of eligibles that were issued while the 1996 scoring formula was in effect, and to provide priority consideration for future ALJ vacancies to class members who were adversely affected by the 1996 scoring formula. On July 13, 2001, the Board denied OPM's motion for reconsideration and affirmed its October 20, 2000 decision.

Pursuant to 5 U.S.C. § 7703(d), OPM may obtain review of a final Board order if OPM determines "that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule regulation, or policy directive." The statute further provides that "[t]he granting of the petition for review shall be at the discretion of the court of appeals."

OPM states that the Board's "erroneous decision" will have a substantial impact upon the civil service for two reasons. First, OPM argues that the Board's conclusion that it possesses jurisdiction to review OPM's implementation of the Veterans' Preference Act "presents a serious and substantial question of law that will have a recurring importance." Second, OPM asserts that "the Board's conclusion that OPM's 1996 scoring formula violates 5 C.F.R. § 300.103 constitutes an improper interference with OPM's administration of the competitive examination system for administrative law judges." Azdell agrees that "the Board's final decision concerns an interpretation of civil service law and that its decision will have an impact on personnel management."

"[I]t is the duty of this court independently to assess whether an exercise of our discretionary jurisdiction is warranted because the decision below will have a substantial impact on civil service law." *Devine v. Sutermeister*, 724 F.2d 1558, 1562 (Fed.Cir.1983). Given the ramifications of the Board's decision on the conduct of competitive examinations for ALJ positions, we conclude that it is appropriate for this court to review the Board's final decision.

Accordingly,

IT IS ORDERED THAT:

OPM's petition for review is granted. Once docketed, OPM's petition for review will be consolidated with the earlier petition for review, no. 01–3057, filed by Murray M. Meeker, F. William Roggeveen, Jay E. Levine, and William S. Colwell.